## UNITED STATES  DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**LAMARCUS McGEE**                                    **CIVIL ACTION**

**versus**                                            **NO. 14-1063**

**N. BURL CAIN**                                      **SECTION: "I" (3)**

### REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts.  Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.  See 28 U.S.C. § 2254(e)(2).  Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.[1]

Petitioner, LaMarcus McGee, is a state prisoner incarcerated at the Louisiana State Penitentiary, Angola, Louisiana.  On May 2, 2007, he was convicted of attempted aggravated rape, aggravated burglary, and aggravated escape under Louisiana law.  On June 13, 2007, he was sentenced as follows:  forty years for attempted aggravated rape; ten years for aggravated burglary; and two years for aggravated escape.  It was ordered that those sentences be served consecutively.

---

[1] Because it is apparent from the face of the petition that this Court lacks jurisdiction, the undersigned has not required the state to file a response to the application.  See Rule 5(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

On February 13, 2009, the Louisiana First Circuit Court of Appeal affirmed the attempted aggravated rape conviction and sentence, affirmed the aggravated burglary conviction, amended the aggravated burglary sentence to specify that it was to be served at hard labor and affirmed that sentence as amended, reversed the aggravated escape conviction and modified it to a conviction of simple escape, and remanded the matter to the state district court for sentencing on that modified conviction.  State v. McGee, No. 2008 KA 1076, 2009 WL 390809 (La. App. 1st Cir. Feb. 13, 2009).  On August 5, 2009, petitioner was sentenced to a consecutive term of two years imprisonment for simple escape.

After unsuccessfully seeking post-conviction relief in the state courts, petitioner filed a federal application for *habeas corpus* relief on October 11, 2011.  That petition was dismissed with prejudice on April 4, 2012.  McGee v. Cain, Civ. Action No. 11-2768, 2012 WL 1135848 (E.D. La. Apr. 4, 2012).

Petitioner susequently filed the instant § 2254 application in this Court.[2]  Because the application would be a "second or successive" § 2254 petition, he simultaneously filed a motion for authorization for its filing with the United States Fifth Circuit Court of Appeals, as well as a motion asking that this Court stay his petition pending a ruling by the Court of Appeals.[3]  However, the Court of Appeals recently denied authorization for the instant petition's filing.  *In re* McGee, No. 14-30391 (5th Cir. June 17, 2014).  Therefore, the motion for stay should be denied as moot and the instant petition must be dismissed for the following reasons.

---

[2] Rec. Doc. 1.

[3] Rec. Doc. 4.

Federal law provides:

(b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless –

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244.

Here, the United States Fifth Circuit Court of Appeals has not granted authorization for the instant petition's filing; on the contrary, as noted, the Court of Appeals has expressly denied such authorization.  Accordingly, this Court lacks jurisdiction to consider petitioner's claims.  See, e.g., Burton v. Stewart, 549 U.S. 147 (2007); Adams v. Thaler, 679 F.3d 312, 321-23 (5th Cir. 2012); Wetzel v. LeBlanc, Civ. Action No. 13-5913, 2013 WL 5739082 (E.D. La. Oct. 22, 2013).

## RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that petitioner's "Motion for Stay and Abeyance," Rec. Doc. 4, be **DENIED AS MOOT**.

**IT IS FURTHER RECOMMENDED** that the "second or successive" petition for federal *habeas corpus* relief filed by LaMarcus McGee be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[4]

New Orleans, Louisiana, this fourteenth day of July, 2014.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[4] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.